UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
NATIONSTAR MORTGAGE LLC,

                Plaintiff,                   **REPORT AND RECOMMENDATION**
                                                  **20 CV 39 (WFK)(LB)**

   -against-

WILLIAM HENRY a/k/a WILLIAM A.
HENRY, BANK OF AMERICA, N.A.,
and JOHN DOE(S),

                Defendants.
---------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff brings this diversity action pursuant to New York Real Property Actions and Proceedings Law (RPAPL) Article 13, to foreclose a mortgage against defendants William Henry, Bank of America, and John Doe(s). For the following reasons, it is respectfully recommended that this case should be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

      Plaintiff's counsel commenced this action on January 3, 2020, by filing a complaint against defendant Henry and John Doe defendants. ECF No. 1. The summons was issued on January 7, 2020. ECF No. 7. Plaintiff filed proof of service on defendant Henry, ECF No. 8, and on John Doe defendants, ECF No. 9. Plaintiff consented to allow defendant Henry until September 15, 2020 to respond to the complaint. See ECF Order dated June 18, 2020. The time to respond to plaintiff's complaint was extended again to January 15, 2021 following the extension of a nationwide moratorium on foreclosures through December 31, 2020. See ECF Order dated October 28, 2020. On February 23, 2021, the Court ordered plaintiff to move to amend the complaint by April 2, 2021 and set a briefing schedule for defendants' response and

1

plaintiff's reply. ECF No. 15. Plaintiff amended the complaint on February 22, 2022. ECF No. 20.

On August 9, 2022, plaintiff requested a certificate of default. ECF No. 22. The request was denied for failure to properly serve the amended complaint on defendants Henry and Bank of America. See ECF Order dated August 19, 2022. On September 23, 2022, plaintiff filed an "affidavit of service by mail" as to defendant Henry but did not file proof of service as to the other defendants. ECF No. 23.

On December 27, 2022, the Court ordered plaintiff to "on pain of sanctions…show cause…by January 3, 2023…why the case should not be dismissed for lack of prosecution." Plaintiff has failed to show cause: plaintiff has neither moved for entry of default nor taken any other action to prosecute this matter.

## DISCUSSION

When a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the Court may dismiss an action. Fed. R. Civ. P. 41(b). "[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a case sua sponte for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citations omitted). The power of a district court to dismiss an action for failure to prosecute is "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs" and dispose of cases in an orderly manner. Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962) (internal quotation marks omitted).

A court considering dismissal for failure to prosecute must consider five factors. Id. at 575. (citing United States ex. rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)).

These factors include:

> Whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Id. (quoting Drake, 375 F.3d 254). A delay in prosecution may prejudice defendants because witnesses' memories fade with the passage of time. O'Rourke v. Nirvana, 19-CV-4711, 2020 WL 1198326, at *2 (S.D.N.Y. Mar. 12, 2020), report and recommendation adopted by 2020 WL 2133174 (S.D.N.Y. May 5, 2020). District Courts must also diligently manage their dockets and "cannot indefinitely wait" for a plaintiff to again focus on prosecuting a case. Id. When a plaintiff fails to respond once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter. See Ruzsa v. Rubenstein & Sendy Attys. at Law, 520 F.3d 176, 177 (2d Cir. 2008).

Here, plaintiff's failure to prosecute this matter warrants dismissal. Plaintiff has not filed proof of proper service of its amended complaint on all defendants and has not taken any action in this case since September 2022. ECF No. 23. The Court warned plaintiff that failure to take appropriate action would result in dismissal of the case. ECF Order dated December 27, 2022. Plaintiff has nevertheless failed to take any action to prosecute this matter.

## CONCLUSION

Accordingly, it is respectfully recommended that this case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                        /S/
                                  LOIS BLOOM
                                  United States Magistrate Judge

Dated: January 18, 2023
        Brooklyn, New York